UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS

HASAN A. HENDERSON

CRIMINAL NO. 10-34-SDD-RLB

**RULING ON DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant, Hasan A. Henderson, moves the Court to vacate, set aside, or correct his sentence pursuant to 28 USC § 2255 (Rec. Doc. 36). Henderson asserts that he was sentenced to a mandatory minimum sentence of five years but that, under *Dorsey v. United States*,[1] defendants sentenced on or after August 3, 2010, regardless of the date of their offense conduct, are entitled to be sentenced under the new statutory sentencing scheme for crack cocaine offenders set forth in the Fair Sentencing Act of 2010[2].

**FACTUAL BACKGROUND**

On June 15, 2010, Mr. Henderson was convicted of possession with intent to distribute five grams or more of cocaine base in violation of 21 USC § 841(a)(1). The offense conduct occurred on or about August 12, 1990. At the time of Mr. Henderson's sentencing, the statutory penalty was a term of imprisonment of not less than five (5) years and not more than forty (40)

---

[1] 132 S.Ct. 2321 (2012).
[2] 124 Stat. 2372.

years.[3]  Had this Defendant been sentenced after August 3, 2010, the effective date of the Fair Sentencing Act, the mandatory minimum sentence would not have been triggered because the Fair Sentencing Act increased the amount of cocaine base which triggered the mandatory five year sentence from five grams to twenty-eight grams.  The Defendant maintains that due to the recent holding in *Dorsey*[4], his sentence must be set aside or corrected.  In *Dorsey*, the U.S. Supreme Court held that the Fair Sentencing Act provisions were to be applied to "post-Act sentencing of pre-Act offenders".[5]  The sentence imposed on Mr. Henderson by the Court was 87 months, in excess of the statutory five year (60 months) minimum in effect at the time.  At the time of the sentencing, the Court gave reasons and justification for an upward departure.

## FINDINGS AND CONCLUSIONS

The Court has reviewed the record of Mr. Henderson's sentencing in this matter and finds that the holding in *Dorsey* is not controlling, since the Court originally imposed a term of imprisonment beyond the statutory five year minimum in effect at the time of the sentencing.  A review of the transcript of the sentencing hearing reveals that the sentencing Judge found that Mr. Henderson's criminal history was "sorely underrepresented" by the guidelines.  Based on the Defendant's prior criminal conduct,[6] the court found that an upward departure by two criminal history categories, to a criminal history category of five, was warranted.  Considering the sentencing Court's findings and justification of an upward departure, a guidelines' term of

---

[3] 21 USC §841 (b)(1)(B).
[4] 132 S.Ct. 2321 (2012).
[5] *Id.* at 2335-2336.
[6] Which included a conviction of manslaughter, armed robbery, and a charge of second degree kidnapping that was not prosecuted, and other drug charges (including an outstanding State Court warrant for possession of a controlled substance).

imprisonment of 70 to 87 months resulted. The sentencing Court imposed a sentence of 87 months.

This Court finds that the sentencing Court had jurisdiction and the Court further concludes that the sentence was not in excess of the maximum authorized by law. The sentence originally imposed was not in violation of the Constitution or the laws of the United States. Accordingly, Mr. Hasan A. Henderson's *Motion to Vacate, Set Aside, and/or Correct* his sentence, pursuant to 28 USC § 2255 is DENIED.

Baton Rouge, Louisiana this 22 day of July, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA